UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| AMANDA FIFIELD,          )<br>                                     )<br>        Plaintiff,                  )<br>                                     )<br>vs.                                  )<br>                                     )<br>SUNRISE CREDIT SERVICES, INC.  )<br>                                     )<br>                                     )<br>        Defendants.              )<br>                                     ) | Case No. |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

## *I.     INTRODUCTION*

1. This is an action brought under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act NH RSA 358-C; New Hampshire Regulation of Business Practices For Consumer Protection NH RSA 358-A; and all applicable common law causes.

## *II.  JURISDICTION AND VENUE*

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the FDCPA claims. Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III. PARTIES

4. Plaintiff Amanda Fifield is a natural person residing in Belknap County New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant Sunrise Credit Services, Inc. (Sunrise) is a Corporation created under the laws of New York with a principal office located at 260 Airport Plaza, Farmingdale, New York, 11735.

7. Defendant Sunrise Credit Services, Inc. has no registered agent. (See Attachment A).

8. Defendant was at all relevant times engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

10. Plaintiff is a natural person contacted by the Defendant for the purposes of collecting a debt owed or allegedly owed to another.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and/or regularly collects or attempt to collects, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or once due to a creditor other than Defendant, arises from a transaction in which the

money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred primarily for personal, family, or household purposes.

15. On or about April 9, 2014 Evelin Rodriguez left a message on the Plaintiff's voicemail answering machine on behalf of Defendant Sunrise that communicated only the following information:

"Good Morning This is an important message for Fifield Amanda. Amanda please contact Evelin Rodriguez regarding a personal business matter with Avon 1-866-257-3632. It is important you return our call today and we'll be in the office until 9 pm eastern standard time. Thank you have a good day."

16. On or about April 9, 2014 Tina Robinson left a message on the Plaintiff's voicemail answering machine on behalf of Defendant Sunrise that communicated only the following information:

"Hi this message is for Amanda huh Fifield please contact Tina Robinson at 866-257-3632. It is important you return my call today and we will be in the office until 9pm tonight."

17. The Plaintiff paid a bill to Avon on March 31 of 2014 in the amount of $80.54.

18. The Plaintiff did not incur any additional debts to Avon.

19. The Defendant is attempting to collect a debt that is in the same amount as the bill previously paid by the Plaintiff.

20. The Defendant is attempting to collect a debt which has already been paid by the Plaintiff.

## V. CLAIMS FOR RELIEF

### COUNT I
### DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e and e(2)

21. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

22. Under the FDCPA: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

　　　　*　　　　　　　*　　　　　　　*

   (2) the false representation of- (A) the character, amount, or legal status of any debt..." 15 U.S.C. §1692e.

23. The Plaintiff paid Avon the amount of $80.54 on March 31, 2014 which paid in full all obligations she had to the company.

24. The Defendant is attempting to collect a debt that was paid in full by the Plaintiff.

25. By attempting to collect a debt that was paid in full the Defendant is making a materially false representation regarding the debt's character and amount.

26. By attempting to collect a debt that was paid in full the Defendant has used a false, deceptive, or misleading representation in connection it the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated 15 U.S.C. § 1692e and e(2);

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(11)**

27. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

28. Under the FDCPA: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    \*    \*    \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

29. Evelin Rodriguez left a message on behalf of Defendant Sunrise on or about April 4, 2014 that did not contain the required disclosures.

30. Tina Robinson left a message on behalf of Defendant Sunrise on or about April 9, 2014 that did not contain the required disclosures.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated 15 U.S.C. § 1692e(11);

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e(14)

31. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

32. Under the FDCPA: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   \*       \*       \*

   (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. §1692e(14).

33. On April 4, 2014 Evelin Rodriguez on behalf of Defendant Sunrise left a message on the Plaintiff's voicemail that communicated that she was calling the Plaintiff regarding "a personal matter with Avon."

34. Evelin Rodriguez was calling on behalf of the Defendant Sunrise.

35. At the time of the phone call "Avon" did not have the Plaintiff's account for collection purposes.

36. The Plaintiff had previously paid all of the debts she owed to the Defendant's principal, Avon.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated 15 U.S.C. § 1692e(14);

   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f(1)

37. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

38. The law prohibits debt collectors from the following practices: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including and interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f.

39. The Plaintiff paid Avon the amount of $80.54 on March 31, 2014 which paid in full all obligations she had to the company.

40. The Defendant through the actions described herein attempted to collect a debt that was already paid by the Plaintiff.

41. The collection of this amount is not authorized by agreement or by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated 15 U.S.C. § 1692f(1);
   b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;
   c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;
   d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,
   e. Awarding such other and further relief as the Court may deem just and proper.

#### COUNT V
#### DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. §1692g

42. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

43. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication unless those validation rights are contained in the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

44. The Plaintiff did not receive the statutorily required notice of her validation rights.

45. The Defendant Sunrise did not send Plaintiff a notice containing her validation rights.

46. The Plaintiff's validation rights were not contained in the Defendant's initial communication with the Plaintiff.

47. Evelin Rodriguez did not read the Plaintiff her validation rights.

48. Tina Robinson did not read the Plaintiff her validation rights.

49. Defendant Sunrise did not notify the Plaintiff of her validation rights by any other means.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that the Defendant violated 15 U.S.C. §1692g;

b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### DEFENDANT'S VIOLATIONS OF NH RSA 358-C:3(I)(e)

50. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

51. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C:2.

52. A debt collector employs an unfair, deceptive, or unreasonable collection practice "[b]y placement of phone calls without disclosure of the name of the individual making the call and the name of the person (as defined in RSA 358-C:1, X) for whom the debt collector is attempting to collect the debt, or by using a fictitious name while engaging in the collection of debts..." RSA 358-C:3(I)(e).

53. Evelin Rodriguez left a message on behalf of Defendant Sunrise on or about April 4, 2014 that did not contain the name "Sunrise Credit Services Inc."

54. Tina Robinson left a message on behalf of Defendant Sunrise on or about April 9, 2014 that did not contain the name "Sunrise Credit Services Inc."

55. Defendant Sunrise is the person as defined by RSA 358-C:1, X for whom Ms. Rodriguez and Robinson were attempting to collect the debt.

56. These phone calls were placed without the disclosure of the name of Defendant Sunrise as required by RSA 358-C:3(I)(e).

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated NH RSA 358-C;

   b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

   c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

   d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## DEFENDANT'S VIOLATIONS OF NH RSA 358-C:3(VII)

57. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

58. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C:2.

59. A debt collector employs an unfair, deceptive, or unreasonable collection practice, when the debt collector: "Makes any material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding." NH RSA 358-C:3(VII).

60. The Plaintiff paid Avon the amount of $80.54 on March 31, 2014 which paid in full all obligations she had to the company.

61. The Defendants through the actions described in greater detail herein attempted to collect a debt that was already paid by the Plaintiff.

62. By attempting to collect a debt that was paid in full, Defendants made a materially false representation regarding the debt's character, extent or amount.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated NH RSA 358-C:2(VII);

    b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    d. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### DEFENDANT'S VIOLATIONS OF NH RSA 358-A via NH RSA 358-C

63. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

64. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. RSA 358-C:4(VI)

65. As described more fully herein, the Defendant violated NH RSA 358-C by leaving messages that failed to provide the name "Sunrise Credit Services Inc."

66. As described more fully herein the Defendant violated NH RSA 358-C by misrepresenting the character, extent, or amount of the alleged debt.

67. As described more fully herein, the Defendant violated NH RSA 358-C by leaving messages that failed to disclose that the calls were from a debt collector in violation of federal law.

68. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

69. Through violating NH RSA 358-C the Defendant have violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated NH RSA 358-A;

   b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

   c. Find the violation of NH RSA 358-A to be willful or knowing;

   d. Awarding the Plaintiff treble damages pursuant to NH RSA 358-A:10;

   e. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

   f. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   g. Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
### DEFENDANT'S VIOLATIONS OF RSA 358:A BY EMPLOYING UNFAIR AND DECEPTIVE PRACTICES IN THE COLLECTION OF A DEBT

70. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

71. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

72. The Defendant was at all relevant times herein engaged in trade or commerce within the State.

73. Here the Defendant employed an unfair or deceptive act or practice in the collection of a debt when they left messages that failed to provide the name "Sunrise Credit Services Inc." and implied that the calls were from "Avon."

74. Here the Defendant employed an unfair or deceptive act or practice in the collection of a debt by misrepresenting the character, extent, or amount of the alleged debt.

75. Here the Defendant employed an unfair or deceptive act or practice through their attempts to collect a debt that had already been paid in full by the Plaintiff.

76. Here, the Defendant employed an unfair or deceptive act or practice by leaving messages that fail to disclose that the calls were from a debt collector in violation of federal law.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that the Defendant violated NH RSA 358-A;
   b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;
   c. Find the violation of NH RSA 358-A to be willful or knowing;
   d. Awarding the Plaintiff treble damages pursuant to NH RSA 358-A:10;
   e. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;
   f. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,
   g. Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
### DEFENDANT'S VIOLATION OF RSA 358:A BY FAILING TO REGISTER WITH THE NH SECRETARY OF STATE

77. Plaintiff repeats, and re-alleges each and every allegation contained herein as if fully stated within this count.

78. Defendant business, "Sunrise Credit Services Inc." does not appear to be registered with the New Hampshire Secretary of State.

79. The Plaintiff is therefore put to additional time, trouble, and expense in locating and serving the Defendant.

80. RSA 349:1 provides that: "Every sole proprietor doing business in this state under any name other than the sole proprietor's own name, and every partnership, trust or association doing business in this state shall register the trade name of such business, trust or association in the manner provided in RSA 349:5 and 349:6." RSA 349:1

81. RSA 358-A provides that it "shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2.

82. Failure to register with the Secretary of State prevents the citizenry from ascertaining who is responsible for bad business practices.

83. Failure to register results in unfair competition against other businesses that comply with the law and pay registration fees and taxes accordingly.

84. "[A]n act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010).

85. Defendant has knowledge, or constructive knowledge, that they are required to

register with the Secretary of State to do business in New Hampshire.

86. The Defendant willfully or intentionally failed to register with the Secretary of State.

87. Therefore, Defendant's failure to register with the Secretary of State, as required by law, is an unfair or deceptive business practice in violation of RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a. Adjudging that the Defendant violated NH RSA 358-A;

b. Awarding the Plaintiffs statutory damages, pursuant to NH RSA 358-A;

c. Trebling any statutory damages by finding the violation to be willful or knowing;

d. Awarding the Plaintiffs' reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

e. Awarding the Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f. Awarding such other and further relief as the Court may deem just and proper.

**JURY TRIAL REQUESTED**

7/9/14

Respectfully submitted,
AMANDA FIFIELD
By Her Attorneys

/s/ Keith A. Mathews
Skinner, Rivard & Siekmann
Atty. Keith A. Mathews
NHBN: 20997
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
keith@srslawyer.com